**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ALVES, | No. 21-55476 |
| Plaintiff-Appellant, | D.C. No.<br>2:16-cv-09136-RGK-JEM |
| v. | |
| HEWLETT-PACKARD<br>COMPREHENSIVE WELFARE<br>BENEFITS PLAN; HEWLETT-<br>PACKARD ENTERPRISE COMPANY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted March 7, 2022**
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Michael Alves appeals the district court's ruling that Sedgwick Claims

Management Services, Inc. ("Sedgwick"), the ERISA plan administrator of the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hewlett-Packard Comprehensive Welfare Benefits Plan (the "Plan"), did not abuse its discretion in denying Alves's long-term disability benefits.[1] We review the district court's decision *de novo*. *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 953 (9th Cir. 2014).

Sedgwick did not abuse its discretion in concluding that Alves was not "Totally Disabled" as defined in the Plan because Alves's medical record did not show that he was "unable to perform the material and essential duties of his Own Occupation" or "unable to perform any occupation for which he is or may become qualified" over the relevant time periods. Sedgwick reasonably construed the Plan's language and provided a detailed explanation for its determination. *See Williby v. Aetna Life Ins. Co.*, 867 F.3d 1129, 1138 (9th Cir. 2017). Moreover, Sedgwick's decision was supported by substantial evidence, including multiple persuasive medical opinions from Drs. Taj Jiva, Rizwan Karatela, Heidi Connolly, Stephen Broomes, Brian Strizik, and Frank Polanco, concluding that Alves was not functionally impaired in a manner that would prevent him from performing his sedentary occupation. *See Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1179 (9th Cir. 2005). We reject Alves's argument that Sedgwick's

---

[1] It is undisputed that the Plan grants the administrator discretionary authority.

decision is undercut by Dr. Stephen Broomes's conclusion that Alves was limited to sitting continuously for 30 minutes per hour, or by Dr. Maryam Balouch's conclusion that Alves needed to elevate his legs. Neither of these diagnoses would preclude Alves from performing sedentary work.

Nor did Sedgwick abuse its discretion by failing to consider the disability determination issued by the Social Security Administration ("SSA"). Sedgwick reasonably explained that the Plan applied a different definition of disability than did the SSA. Specifically, the SSA was directed by its Medical-Vocational Guidelines to find Alves disabled, regardless of whether Alves had the residual functional capacity to perform "the full range of sedentary work." Therefore, Sedgwick did not abuse its discretion by reaching a different conclusion than that reached by the SSA. Alves also argues that Sedgwick abused its discretion by failing to compare and contrast the medical evidence it relied on with that relied on by the SSA. However, Sedgwick was not required to perform such an analysis, given that it relied on other medical evidence in the record, evaluated the SSA's contrary conclusion, and gave a reasonable explanation for not adopting it. *See Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 635 (9th Cir. 2009).

Alves's other challenges to Sedgwick's conclusion also fail. Contrary to Alves's assertions, Sedgwick considered and discussed Alves's leg edema and

stress conditions in its denial letter. Nor did Sedgwick err in hiring specialists to focus on their areas of specialty in reviewing Alves's condition, especially since one of Sedgwick's reviewing doctors thoroughly evaluated Alves's medical record from a cumulative, "whole-body" perspective and concluded Alves was not disabled.

**AFFIRMED.**